UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                 Case No. 14-cr-0243-bhl-1

ENOCH T. AGNEW,

          Defendant.

## ORDER DENYING MOTION FOR A REDUCED SENTENCE

      Defendant Enoch T. Agnew plead guilty to Count One of the Indictment charging him with unlawful transport of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 942(a)(2). (ECF No. 19.) On December 9, 2015, Judge Rudolph T. Randa sentenced Agnew to a 96-month prison sentence, consecutive to Milwaukee County Circuit Court Case Nos. 07CF2732 and 14CF4298. (ECF No. 27.) Agnew is currently incarcerated at Gilmer Federal Correctional Institution in Glenville, West Virginia, with a current release date of January 20, 2029. *See* https://www.bop.gov/inmateloc/. On November 20, 2023, Agnew filed a *pro se* motion for a reduced sentence "under Amendment 821 Part A covering 'status points'" or "Part B of Amendment 821 covering 'zero point offenders.'" (ECF No. 33.) Agnew further states his "criminal history points were 22." (*Id.*) Because Amendment 821 would not result in a reduction in Agnew's guidelines imprisonment range, the Court will not disturb Agnew's sentence.

      On April 27, 2023, the U.S. Sentencing Commission promulgated an amendment to the Sentencing Guidelines, sometimes referred to as Amendment 821, with an effective date of November 1, 2023. Part A of the amendment limits the impact of "status points" under Guideline § 4A1.1(e) on a defendant's criminal history score and category. Prior to the amendment, status points were added to a defendant's criminal history score if the defendant was found to have committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *See* U.S.S.G. § 4A1.1(d) (U.S. Sent'g Comm'n 2021). The amendment now limits application of these status points to offenders who have seven (7) or more criminal history points. Status points are thus eliminated

for defendants with six or less criminal history points. The amendment also decreases the impact of status points. Even where applicable, the amendment now provides for the addition of just one criminal history point, not two. Part B of the amendment creates a new guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. *See* U.S.S.G. § 4C1.1.

On August 24, 2023, the Sentencing Commission voted to give retroactive effect to Amendment 821. The Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 would not be effective until February 1, 2024, or later. This delayed effective date is intended to give courts, probation officers, and the Bureau of Prisons time to process the motions and prepare release plans for individuals affected by the amendments. Thus, in sum, although Amendment 821 went into effect on November 1, 2023, "orders reducing a defendant's term of imprisonment" are not effective until "a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n.7.

Agnew's presentence report determined that he had a criminal history score of 14. (ECF No. 22 at 14.) The report further stated that the defendant committed the instant offense on September 30, 2014, while on extended supervision in Case No. 07CF2732 from August 6, 2013 to January 2, 2015. (*Id.*) Agnew was therefore assessed two status points resulting in a criminal history score of 16 and a criminal history category of VI. (*Id.*) With a total offense level of 21 and a criminal history category of VI, Agnew's resulting guidelines imprisonment rage was 77 months to 96 months. (*Id.* at 21.) Pursuant to Amendment 821, Agnew is eligible for a one-point reduction in his criminal history points. Therefore, a one-level increase would be warranted under the revised version of § 4A1.1(d). *See* U.S.S.G. § 4A1.1(e) ("Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including . . . supervised release"). Agnew is not a "zero-point offender" and is not eligible for the applicable reduction. Agnew's criminal history score of 15, reduced from 16 by one point, still keeps him in Category VI, which requires 13 or more criminal history points. *See* U.S. Sentencing Commission Guidelines Manual, Chapter 5, Part A. Agnew's guidelines imprisonment range remains 77 months to 96 months. Notwithstanding these technical changes to the guideline calculations, these revisions do not affect the Court's judgment as to the appropriate sentence. The Court imposed a sentence of 96 months incarceration consecutive to two state court cases. Agnew's guidelines imprisonment range has

not changed, despite receiving the reduction of one status point, and the Court will not disturb the sentence imposed by Judge Randa.

Accordingly,

**IT IS ORDERED** that the defendant's motion for a reduced sentence pursuant to Amendment 821 (ECF No. 33) is **DENIED**.

Dated at Milwaukee, Wisconsin on January 29, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge